N. R. KENNEDY, Appellant, v. MORGAN HENSLEY AND
J. W. SLOCUM.

**Purchase or Subrogation:** NOT ESTABLISHED.   Defendants H. and S.
  executed a note to a bank.   Thereafter defendant H., who was in
  partnership with plaintiff, paid part of the note with partnership
  funds.   Plaintiff did not know at the time that partnership
  funds were applied on the note, but afterward plaintiff and H.
  gave their joint note to the bank for the balance due of the first
  note, which was marked "paid" by the bank, and plaintiff
  obtained possession thereof with the understanding that he was
  to keep it until H. paid plaintiff what he owed on it.   Plaintiff
  did not demand payment from defendants until more than four
  years afterward.   Defendant S. did not know the circumstances
  under which the note was taken up until demand was made on
  him, shortly prior to the commencement of an action by plaintiff
  upon the note executed by defendants to the bank.   *Held,* that
  plaintiff could not maintain the action.

*Appeal from   Hardin   District   Court.*—HON.  S.  M.
WEAVER, Judge.

TUESDAY, MAY 21, 1895.

February 7, 1894, plaintiff filed his petition, alleging that he is the owner and holder of the promissory note set out; that there is due and owing to him thereon the sum of one thousand four hundred and three dollars and twenty-eight cents, no part of which has been paid; wherefore he asks judgment against the defendants for that amount, and for costs and attorney's fees. The note set out is dated February 25, 1889, is for nine hundred dollars, with interest at ten per cent., payable annually, payable to "First National Bank of Iowa Falls, or order, on demand," and signed by the defendants. The defendants answered, denying that plaintiff is the owner or holder of said note, or that they, or either of them, are indebted to him thereon. They alleged that while said note was the property of said bank, and in its possession, the defendants fully paid the same, and it was duly canceled, and surrendered to the defendants; that they, nor either of them, ever put said note into circulation again; wherefore they ask judgment for the return of said note and for costs. At the conclusion of plaintiff's evidence the defendants moved to withdraw the cause from the jury, for the reason that the evidence shows that plaintiff is not the owner and holder of said note for a valuable consideration, and shows that the same was paid and canceled and never again put in circulation. The motion was sustained, and judgment entered against the plaintiff for costs, from which he appeals.—*Affirmed.*

*F. M. Williams* for appellant.

*A. M. Bryson* for appellees.

Given, C. J.—I. Plaintiff's evidence shows, in substance, as follows: On February 25, 1889, the defend-

ants executed and delivered the note sued upon to the First National Bank of Iowa Falls. On May 25, 1889, the defendant Hensley presented to said bank a check of that date as follows: "Pay to End. on bank note M. Hensley or bearer, seven hundred and seventy-five dollars ($775.00). [Signed] N. R. Kennedy, pr M. Hensley." On the same day, and in consideration of said check, the bank indorsed upon said note, "Paid May 25, 1889. $775." On September 30, 1889, in consideration of the balance due upon said nine hundred dollar note, the defendant Hensley and plaintiff, Kennedy, executed their joint note to said bank for one hundred and twenty-five dollars, due in sixty days, ten per cent. interest from maturity. This note was put into judgment, which the plaintiff, Kennedy, afterward paid to the bank. At the time the last-mentioned note was executed and delivered to the bank the cashier stamped on the face of said nine hundred dollar note as follows: "First National Bank of Iowa Falls, Iowa. Paid Sept. 30, 1889." Plaintiff and defendant Hensley were both present at that time, and after the note was canceled it was shoved out over the counter, and taken up by either plaintiff or Hensley. In March, 1889, plaintiff and Hensley were engaged in business as partners in buying and selling cattle, the firm having an account in said bank. Some time after, plaintiff learning that there was a judgment against Hensley, it was agreed that thereafter the business would be transacted in plaintiff's name, Hensley to work for him, and to share in the profits and losses. The Hensley and Kennedy account with the bank was opened on March 8, 1889, and on the twentieth of April following the balance of that account was transferred to the account of Kennedy. Thereafter receipts for stock sold were deposited in Kennedy's name. Plaintiff states as follows: "I told the president of the First

National Bank of Iowa Falls that whenever Morg
Hensley signed my name to a check to pay the check,
when he, Mr. Carleton, knew that it was for stock to
pay it." Plaintiff further states that he did not know
of the giving of said check for some time after it had
been drawn; that Hensley had requested him to take
up this nine hundred dollar note, and said it "was as
good as wheat, and for him to keep it until he paid him
every dollar he owed him." That was after it was
stamped "Paid." It does not appear that defendant
Slocum knew anything about the transaction concern-
ing the taking up of said nine hundred dollar note, and
no demand was made upon him for the payment of the
same until shortly before the commencement of this
action.

II. Plaintiff's allegation that he is the owner and
holder of the promissory note sued upon is denied, and
the burden is upon the plaintiff to prove that allega-
tion. The defendants' motion to withdraw the case
from the jury presented the single question whether
plaintiff's evidence so tended to support his allegation
that the issue should have been submitted to the jury.
Plaintiff's first contention is that the evidence tends to
show that he purchased the note in suit, and that that
question should have been left to the jury. He also
claims that, if not a purchaser, he is entitled, under the
facts, to be subrogated to the rights of the payee, the
bank, in the note. We do not think the evidence
tends to support either contention. But one
conclusion can be arrived at from the facts. The
plaintiff and Hensley were dealing with each other on
terms of confidence, and plaintiff was evidently ready
to extend credit to him. If it be true, as stated, that
plaintiff did not know, at the time, of the giving of the
seven hundred and seventy-five dollar check, it is
entirely clear that he afterward ratified the act, and

allowed it to stand as a partial payment of the nine hundred dollar note. He also joined with Hensley in executing the one hundred and twenty-five dollar note, and delivering it as a full payment of the nine hundred dollar note. The manner in which the business was transacted, the fact that Slocum was not consulted, the length of time which plaintiff held the note without demanding payment, and the other facts appearing, seem to us to preclude the idea that the plaintiff was a purchaser of the note, or expected to have rights by virtue of it. He ratified the giving of his check, and joined in the giving of the one hundred and twenty-five dollar note, solely upon the faith that he had that in the settlement of their affairs Hensley would account to him for the amounts that he thus paid. Had either purchase or subrogation been contemplated, Hensley would not have joined in the giving of the one hundred and twenty-five dollar note. It is certainly clear that the bank did not understand or treat the transaction with it as a purchase, or as anything else than a payment. The note being paid and canceled, Hensley had no right without the consent of Slocum, to again put it in circulation, nor to pledge it to the plaintiff, "to keep until he paid him every dollar he owed him." Plaintiff's possession of the note is explained by the fact that he held it as evidence of the amount for which Hensley should account to him on settlement. There were none of the elements of purchase in the transaction, nor are the facts such as to entitle the plaintiff to recover upon the note, or charge any other person on account of the transaction than him to whom he extended the credit, namely, Hensley. Several cases in respect to the right of subrogation are cited, but we think they have no application to the facts of this case. There was no error in sustaining the defendants' motion, and the judgment of the district court is therefore *affirmed*.